# Rodenbach's Appeal.

The fact that a debtor to the decedent's estate becomes administrator thereof, and includes his debt in the inventory as an asset of the estate, does not affect his individual relation as debtor to the estate; and upon the settlement of his administration account, he is personally chargeable with interest until the debt was paid, or its amount was shown to be in his hands as administrator.

March 8th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Northampton county:* Of January Term 1883, No. 297.

Appeal by Alexander Rodenbach, administrator of the estate of Jesse Rodenbach deceased, from a decree of said court surcharging him with interest on a note given by him to the decedent.

The facts were as follows : The decedent Jesse Rodenbach, at the time of his death, held a judgment note, dated April 7th 1875, for $2,460, against Alexander Rodenbach, upon which were indorsed two payments, of $147.60 each. This judgment note was never entered of record as a lien.

Alexander Rodenbach, having taken out letters of administration upon the estate of Jesse Rodenbach, deceased, took pssession of said note, with other assets; he presented it to the appraisers, and it was entered in the inventory thus: " Judgment and interest to date of inventory against Alexander Rodenbach, $2,768.04." The administrator charged himself in his account, filed September 5th 1881, with the full amount of the inventory, to wit : $5,460.68, which sum included the principal and interest of his own note, as inventoried. His account showed that in the course of the administration he paid out all the assets of the estate, except a balance of $431.88, which he held for distribution.

Before the Auditor appointed to audit, settle and adjust said account (H. T. Buckley, Esq.), Emma Lauderbach, a distributee, asked that the accountant be surcharged with interest on his said judgment note from the date of inventory up to the time that he actually paid it into the estate, such interest amounting to $339.72.

The Auditor reported, as matter of law, that the accountant was not chargeable with interest on his note after the date of the grant to him of letters of administration, " as upon that date the law presumes the debt paid."

Mrs. Lauderbach filed an exception to this finding of the Auditor which the court, after argument, sustained, holding, in an opinion by SCHUYLER, J., " that the accountant's relation of debtor to the estate was not affected by the accident of his appointment as administrator " and that " to establish payment, all he need show is that he has had the money actually in his possession, or under his control, *as administrator*, since the date it is claimed to have been paid." The court therefore, in the decree filed, surcharged the accountant with said additional interest on his note.

The accountant took this appeal, assigning for error, the action of the court sustaining the above exception to the Auditor's report.

[Van Vliet's Appeal.]

*Q. F. Ehler* (with him *Wm. O. Shipman*), for the appellant.— Where a debtor becomes administrator of the estate, and charges himself in the inventory with the amount of the debt as assets, the debt must be treated as collected; and if paid out by the administrator in the course of administration, he cannot be personally charged with any interest thereon: Dickinson *v.* Arms, 8 Pick. 394; Commonwealth *v.* Gould, 118 Mass. 306; Ipswich Man'f'g Co. *v.* Story, 5 Met. 313; Stephens *v.* Gaylord, 11 Mass. 262; Leland *v.* Felton, 1 Allen 534; Griffith *v.* Chew, 8 S. & R. 17; Pusey *v.* Clemson, 9 S. & R. 204: Eichelberger *v.* Morris, 6 Watts 42; Fishel *v.* Fishel, 7 Watt 44; Simon *v.* Albright, 12 S. & R. 429; Grayble *v.* Turnpike Co., 10 S. & R. 269.

*B. F. Fackenthall*, for the appellees.—The Auditor's report showed that interest was allowed on claims against the estate, which the administrator would have been in funds to pay if his own debt had been actually paid. It would be inequitable in such case to exempt him, as an individual debtor to the estate, from payment of interest on his debt upon a theory that as administrator he could not sue himself as an individual.

The opinion of the court was delivered March 16th 1883.

PER CURIAM. This complaint is to the action of the court in charging the appellant with interest on his own note which he owed the estate. The mere fact that he became the administrator of the estate did not stop the running of interest. He was justly held chargeable therewith until the note was paid. The note was not paid by operation of law by virtue of his appointment. So long as it remained unpaid, so long it drew interest. We discover no error in the record.

Decree affirmed and appeal dismissed at the costs of the appellant.